ESTATE OF LOIE A. KELLER, Deceased, GENE A. KREPS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Keller v. Commissioner
Docket No. 5235-77.
United States Tax Court
T.C. Memo 1980-450; 1980 Tax Ct. Memo LEXIS 136; 41 T.C.M. (CCH) 147; T.C.M. (RIA) 80450; October 7, 1980, Filed Gene A. Kreps (executor), for the petitioner. John R. Dorcak, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in Federal estate tax against petitioner in the amount of $3,208.66. The issues to be decided are the fair market value of a farm included in the gross estate and the includability of petitioner's interest in crops growing on decedent's farm at the date of death which were harvested shortly thereafter. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits *137 are incorporated by this reference. Loie A. Keller, also known as Loie Ann Keller, died testate on September 17, 1974, in Lucas County, Ohio. Gene A. Kreps was appointed as executor of her estate and he resided in Toledo, Ohio when he filed the petition in this case. He filed a Federal estate tax return for petitioner on or after June 10, 1975. At the time of her death, the decedent owned a 62-acre farm located in Wood County, Ohio, upon which a soybean crop was growing. Outstanding at the time of decedent's death was a share-crop agreement which she entered into with Joseph Borsos in 1969. It provided that decedent would furnish one-half of the seed and fertilizer and Mr. Borsos would furnish the other half and would perform the spraying maintenance. All harvesting, combining and selling of the crops were also to be performed by Mr. Borsos. Proceeds from the sale of the crops were to be equally divided between Mr. Borsos and decedent. Mr. Borsos, the tenant on decedent's farm, under the terms of the share-crop agreement, planted the seed and harvested the soybean crop, using his equipment. He then sold the soybeans or put them into storage and sold them later. Mr. *138 Borsos had full control over the planting, harvesting and sale of the crop. Administration of the estate was conducted in the Court of Common Pleas, Probate Division, Wood County, Ohio. The inventory and appraisement filed in the probate proceeding of petitioner included the farm at a value of $93,330 and an item listed as an account receivable from Joe Borsos, "net value of 1/2 of crop produced on farm less expenses per agr.," at a value of $3,026. On December 15, 1974 (some three months after decedent's death), the executor of petitioner contracted to sell decedent's farm for $104,500. A few weeks after decedent died, the soybean crop on decedent's farm was harvested and sold and the estate received in payment of decedent's share of the proceeds $722.80 on November 4, 1974 and $1,747.23 on September 5, 1975. The Federal estate tax return of petitioner included the farm as an asset with a fair market value at date of death of $93,330 but did not include any item reflecting the interest of the decedent in the account receivable from Joe Borsos. After the death of decedent the furnace in decedent's farmhouse was replaced, the roofs of the house and outbuildings were repaired, *139 broken window panes were replaced and the premises were cleaned up. The executor sold the farm to the highest bidder. During 1974 and 1975 the selling price of farm land in Ohio was increasing. The closing on the sale of the farm was six months and one day after decedent's death. The Commissioner, in his statutory notice of deficiency, determined that the value of decedent's farm at the date of her death was $104,500 and that at the date of death decedent had an interest under a contract with respect to growing crops having a value of $3,026, under section 2033, Internal Revenue Code of 1954. [1]
ULTIMATE FINDINGS OF FACT The value of decedent's farm at the date of her death was $104,500. At the date of her death decedent held an interest in a share-crop agreement having a value of $3,026 on that date. OPINION Both of the issues are questions of fact. The burden is on petitioner to prove the determination by the Commissioner to be erroneous, his determination being presumptively *140 correct. Rule 142, Tax Court Rules of Practice and Procedure.Welch V. Helvering, 290 U.S. 111 (1933). The Commissioner, in his statutory notice of deficiency determined that the decedent's farm had a value of $104,500 which is the price for which the farm was sold to the highest bidder some three months after decedent's death. Petitioner included the farm in its inventory and appraisement filed in the probate court at a value of $93,300, which value was also reflected on the Federal estate tax return. Between the date of death and the date the farm was sold the roofs of the house and outbuildings were repaired, the furnace was replaced, broken window panes were replaced, and the premises were cleaned up. Section 2031 of the Code and section 20.2031-1, Estate Tax Regs., provide that the value at which property must be included in the gross estate is its fair market value. A sale of the property to an unrelated party shortly after the date of death tends to establish such value at date of death. [2]
*141 We recognize that certain improvements were made in the buildings on the farm between the date of death and the date the farm was sold but we can only speculate how much these improvements enhanced the value of the property. There is no description in the record of the buildings on the farm; accordingly, adding a new furnace, presumably the most expensive improvement, is meaningless in terms of enhancing value. Adding a new furnace to a seven room house would have some impact on the value but adding a room floor furnace to a three-room bungalow would have less effect. Nor does not the record reflect how much of the total value of the farm is represented by the buildings and how much is represented by the land. Moreover, the farm was sold long before petitioner filed the estate tax return so petitioner should have developed opinion evidence at that time to substantiate the value shown on the return. Petitioner has failed to sustain its burden of proving that the Commissioner's determination of fair market value of the farm is erroneous. As to the includability of the decedent's interest in growing crops, petitioner argues that the share-crop agreement conferred nothing of *142 value on petitioner until the crops were harvested. They were harvested after decedent's death and sold much later. Decedent's right under the share-crop agreement constituted a right to receive rent and was accrued at the date of her death. The Commissioner, in his statutory notice of deficiency, determined that the right had a value of $3,026 which was the value included in the inventory and appraisement filed in the probate court. The estate received a total of $2,470.03 for decedent's share of the crops. Petitioner does not argue that the valuation of decedent's share of the crops is excessive. Accordingly, the Commissioner's determination as to decedent's share of the soybean crop is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Estate of Shlensky v. Commissioner, T.C. Memo. 1977-148, sale 15 months after date of death; Estate of Ballas v. Commissioner, T.C. Memo. 1975-103, contract of sale 2 months after death, closing 5 months later; Estate of Bond v. Commissioner, T.C. Memo. 1966-21↩, offer to purchase one year after death.